Correctional Counselor's Report 2005

# EXHIBIT F

**LIFE PRISONER EVALUATION REPORT**
**SUBSEQUENT PAROLE CONSIDERATION HEARING**
**OCTOBER 2004 CALENDAR**

MIJANGOS, JAIME                                                    E-81550

I.   **COMMITMENT FACTORS**:

    A.   **Life Crime**: Remains the same as stated in the previous hearing.

        1.   **Summary of Crime:**   Remains the same as stated in the previous hearing.

        2.   **Prisoner's Version:**   Remains the same as stated in the previous hearing.

        3.   **Aggravating/Mitigating Circumstances**:

            a.   **Aggravating Factors**:   Remains the same as stated in the previous hearing.

            b.   **Mitigating Factors**:   Remains the same as stated in the previous hearing.

    B.   **Multiple Crime(s):**   None.

        1.   **Summary of Crime:**   N/A

        2.   **Prisoner's Version:**   N/A

II.   **PRECONVICTION FACTORS**:

    A.   **Juvenile Record**:   Remains the same as stated in the previous hearing.

    B.   **Adult Convictions**:   Remains the same as stated in the previous hearing.

    C.   **Personal Factors**:   Remains the same as stated in the previous hearing.

III.   **POSTCONVICTION FACTORS**:

MIJANGOS , JAIME        E-81550              CTF-SOLEDAD          AUG 2004

LIFE PRISONER EVALUATI⎯⎯REPORT                                                                   2
SUBSEQUENT PAROLE CᴜᴺSIDERATION HEARING
JULY 2004 CALENDAR

    A.    **Special Programming/Accommodations:**  None noted.

    B.    **Custody History:**  Mijangos remains at CTF and housed with the general population.  His current assignment is in Vocational Computer Repairs.  Mijangos has received his GED and has completed the Vocational Data Processing program.

    C.    **Therapy and Self-Help Activities:**     Mijangos is an active participant in the Alcoholic's Anonymous program.

    D.    **Disciplinary History :**  Mijangos has remained disciplinary free during this period.

    E.    **Other:**  On 10/17/01, Mijangos appeared before BPT with recommendations to remain disciplinary free, deny parole for three years, upgrade Vocationally and participate in self-help program's.

**IV.    FUTURE PLANS:**

    A.    **Residence:**  Remains the same as stated in the previous hearing.

    B.    **Employment:**  Remains the same as stated in the previous hearing.

    C.    **Assessment:**  Remains the same as stated in the previous hearing.

**V.    USINS STATUS:**  Mijangos is a U.S. citizen.

**VI.    SUMMARY:**

    A.    Considering the commitment offense, prior record, and prison adjustment, Mijangos poses as a moderate to low degree of threat to the public, if released from prison.  This is based on that he has upgraded vocationally/educationally, remained disciplinary free during this period of review, and participated in a self-help program.

    B.    Prior to release, Mijangos can benefit from remaining disciplinary free upgrade vocationally, and participate in a self-help program.

    C.    This report is based on two-hours of research, an interview with Mijangos, and incidental contact.

    D.    Mijangos reviewed his Central file on 8/9/04.

LIFE PRISONER EVALUATI⸱⸱ ⸱REPORT                                                    3
SUBSEQUENT PAROLE C⸱⸱ ⸱SIDERATION HEARING
JULY 2004 CALENDAR

  **E.**  No accommodation was required per the Armstrong vs. Davis BPT Parole
    Proceedings Remedial Plan (ARP) for effective communication.

MIJANGOS     E-81550     CTF-SOLEDAD    JULY 2004

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
JULY 2004 CALENDAR

_____

P.Taporco                                              8-20-04
Correctional Counselor I                               Date

F. Deguzman                        cc-II(A)            8.20.04
Correctional Counselor II                              Date

_____

R. Pope                                                9-2-04
Facility Captain                                       Date

D. S. Levorse                      CPR      9-7-04
Classification and Parole Representative   Date

_____

MIJANGOS           E-81550              CTF-SOLEDAD          JULY 2004

## DISCIPLINARY SHEET

### CDC 115'S

| | | |
|---|---|---|
| 12/31/92 | CSP/CAL | Inmate manufactured alcohol: GUILTY: 90 days loss of credit, Counseled and reprimanded. |

### CDC 128A'S

| | | |
|---|---|---|
| 01/15/96 | WSP | Gambling. |
| 05/27/96 | WSP | Not in possession of I.D. Card. |
| 11/30/96 | WSP | Not standing for count. |
| 02/28/98 | CTF | Failure to report. |

MIJANGOS, JAIME          E-81550          CTF          AUG 2004

BOARD OF PRISON TERMS                                                                                          STATE OF CALIFORNIA

LIFE PRISONER: POSTCONVICTION PROGRESS REPORT

☐  DOCUMENTATION HEARING

☒  PAROLE CONSIDERATION HEARING

☐  PROGRESS HEARING

INSTRUCTIONS
  TO CDC STAFF:  DOCUMENT EACH 12-MONTH PERIOD FROM THE DATE THE LIFE TERM STARTS TO PRESENT
  TO BPT STAFF:  FOR EACH 12-MONTH INCREMENT APPLY THE GUIDELINES UNDER WHICH THE PAROLE DATE WAS ORIGINALLY
        ESTABLISHED, ie., 0-2 MONTHS FOR PBR AND 0-4 MONTHS FOR BPT. SEE BPT §§2290 - 2292, 2410 AND 2439.

| POSTCONVICTION CREDIT | | | REASONS |
| YEAR | BPT | PBR | |
|---|---|---|---|
| 05/01 to 05/02 | | | **PLACEMENT:**  Remains at CTF and housed with the general population.<br>**CUSTODY:**  Remains at Medium A.<br>**VOCATIONAL TRAINING:**  Mijangos received a certificate of completion dated 5/22/01 in Vocational Data Processing.  CDC 128-E's dated 8/3/01, 12/28/01 and 4/2/02 reflects that Mijangos is assigned to Vocational computer repair receiving satisfactory grades.<br>**ACADEMICS:**  Mijangos received his GED on 7/19/94.<br>**WORK RECORD:**  None noted.<br>**GROUP ACTIVITIES:**  A CDC 128-B dated 1/11/02 reflects that Mijangos is currently on the Alcoholic's Anonymous program waiting list.<br>**PSYCH. TREATMENT:**  None noted.<br>**PRISON BEHAVIOR:**  Mijangos has remained disciplinary free during this period of review.<br>**OTHER:**  On 10/17/01 Mijangos appeared before BPT with recommendations to deny parole for three years, remain disciplinary free, upgrade vocationally, and participate in a self-help program. |

DATE  8-20-04

MIJANGOS, JAIME          E-81550                  CTF                          AUG 2004

BOARD OF PRISON TERMS                                                                 STATE OF CALIFORNIA

CONTINUATION SHEET: LIFE PRISONER : POSTCONVICTION PROGRESS REPORT

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 05/02 to 05/03 | | | **PLACEMENT**: Remains at CTF and housed with the general population.<br>**CUSTODY**: Remains at Medium A.<br>**VOCATIONAL TRAINING**: Mijangos received a Certificate of Completion dated 5/22/01 in Vocational Data Processing. CDC 128-E's dated 5/29/02, 7/23/02 and 10/16/02 reflect that Mijangos is assigned to Vocational Computer Repair receiving satisfactory grades.<br>**ACADEMICS**: Mijangos received his GED on 7/19/94.<br>**WORK RECORD**: None noted.<br>**GROUP ACTIVITIES**: A CDC 128-B dated 5/3/02 reflects that Mijangos is currently on the Alcoholic's Anonymous program waiting list.<br>**PSYCH. TREATMENT**: None noted.<br>**PRISON BEHAVIOR**: Mijangos has remained disciplinary free during this period of review.<br>**OTHER**: None noted. |

ORDER:

☐ BPT date advanced by _____ months.          ☐ BPT date affirmed without change.
☐ PBR date advanced by _____ months.          ☐ PBR date affirmed without change.

SPECIAL CONDITIONS OF PAROLE:

☐ Previously imposed conditions affirmed.
☐ Add or modify

☐ Schedule for Progress Hearing on appropriate institutional calendar

MIJANGOS, JAIME          E-81550                    CTF                         AUG 2004

BOARD OF PRISON TERMS                                                                 STATE OF CALIFORNIA

BOARD OF PRISON TERMS                                                                STATE OF CALIFORNIA

CONTINUATION SHEET:  LIFE PRISONER : POSTCONVICTION PROGRESS REPORT

| POSTCONVICTION CREDIT | | | |
|---|---|---|---|
| YEAR | BPT | PBR | REASONS |
| 05/03 to 08/04 | | | **PLACEMENT**: Remains at CTF and housed with the general population.<br>**CUSTODY**: Remains at Medium A.<br>**VOCATIONAL TRAINING**:  Mijangos received a Certificate of Completion dated 5/22/01 in Vocational Data Processing.  On 4/5/06, Mijangos was reassigned to Vocational Computer Repair.<br>**ACADEMICS**:  Mijangos received his GED on 7/19/94.<br>**WORK RECORD**:  From 8/27/03 to 1/7/04, Mijangos was assigned to the culinary.  On 4/6/04 Mijangos was assigned to Vocational Computer Repair.<br>**GROUP ACTIVITIES**:  A CDC 128-B dated 11/3/03 and 2/18/04 reflects that Mijangos is currently on the Alcoholic's Anonymous program waiting list.<br>**PSYCH. TREATMENT**:  None noted.<br>**PRISON BEHAVIOR**:  Mijangos has remained disciplinary free during this period of review.<br>**OTHER**:  None noted. |

ORDER:

| ☐ | BPT date advanced by | months. | ☐ | BPT date affirmed without change. |
| ☐ | PBR date advanced by | months. | ☐ | PBR date affirmed without change. |

SPECIAL CONDITIONS OF PAROLE:

☐   Previously imposed  conditions affirmed.
☐   Add or modify

☐   Schedule for Progress Hearing on appropriate institutional calendar

| MIJANGOS, JAIME | E-81550 | CTF | AUG 2004 |
|---|---|---|---|

BOARD OF PRISON TERMS                                                                STATE OF CALIFORNIA

Current Psychological Evaluation 2001

# EXHIBIT G

MENTAL HEALTH EVALUATION FOR THE BOARD OF PRISON TERMS
(REVISED AUGUST 1998)
PAROLE CONSIDERATION HEARING
MAY 2001 LIFER CALENDAR

CORRECTIONAL TRAINING FACILITY, SOLEDAD
APRIL 6, 2001

This is the third mental health evaluation for the Board of
Prison Terms on inmate Jaime Mijangos, CDC# E-81550. This
report is the product of a personal interview, conducted on
04/06/01, as well as a review of his Central file and unit
health record.

PSYCHOSOCIAL ASSESSMENT

I.    IDENTIFYING INFORMATION:

      Inmate Mijangos is a 37-year-old, married, Hispanic
      male who is originally from Guatemala. His stated
      religious affiliation is Catholic. There were no
      unusual physical characteristics noted. He denied
      using any nicknames or aliases.

II.   DEVELOPMENTAL HISTORY:

      Inmate Mijangos is the oldest of four children. He has
      three sisters. He was born in Guatemala. His parents
      separated when he was three years old and he was raised
      by his father. He said there were no prenatal or
      perinatal concerns or birth defects. He had no
      abnormalities of developmental milestones. All speech,
      language and motor development occurred unremarkably.
      He denied any history of cruelty to animals, enuresis
      or arson. He stated he had no significant childhood
      medical history, or a childhood history of physical or
      sexual abuse as either a perpetrator or a victim.

III.  EDUCATIONAL HISTORY:

      Inmate Mijangos came to the United States with his aunt
      at the age of 15. He dropped out of school in the 11th
      grade. He subsequently completed his GED in 1994 while
      incarcerated.

MIJANGOS      E-81550      CTF-CENTRAL      04/16/01      gmj

MIJANGOS, JAIME
CDC NUMBER:  E-81550
BPT MENTAL HEALTH EVALUATION
PAGE TWO

IV.    FAMILY HISTORY:

Inmate Mijangos' mother died in 1984.  His father is
living in Los Angeles, where two of his sisters also
live.  His aunt died about five years ago.  His third
sister is living in Washington, D.C.  He stays in
contact with his family through writing, visits and
telephone calls.

V.     PSYCHOSEXUAL DEVELOPMENT AND SEXUAL ORIENTATION:

Inmate Mijangos stated that he is a heterosexual male.
He denied any history of high-risk sexual behavior or
sexual aggression.

VI.    MARITAL HISTORY:

Inmate Mijangos is married and has two children.  He
continues to have a close relationship with his wife
and children.

VII.   MILITARY HISTORY:

The inmate denied any military history.

VIII.  EMPLOYMENT/INCOME HISTORY:

Prior to his incarceration, inmate Mijangos worked in
the plastics field from age 17 to 26, when he was
arrested for his commitment offense.  He has worked as
a supervisor at CalTex in Los Angeles and other
plastics companies.

Since his incarceration, he worked in textiles for
eight months as a teaching assistant in ESL classes.
He completed training in office services.  He is
currently starting vocational computer processing.  He
hopes to complete vocational training in computer
repair.

IX.    SUBSTANCE ABUSE HISTORY:

Inmate Mijangos denied having any serious problems with
alcohol or street drugs.  He states that he only
engaged in social drinking with his wife at parties, on

MIJANGOS      E-81550      CTF-CENTRAL      04/16/01      gmj

MIJANGOS, JAIME
CDC NUMBER: E-81550
BPT MENTAL HEALTH EVALUATION
PAGE THREE


anniversaries and on holidays. He does admit that he
drank on the day of his commitment offense.

X.    PSYCHIATRIC AND MEDICAL HISTORY:

Inmate Mijangos has no history of medical or
psychiatric problems or hospitalizations, a history of
serious accidents or head injuries, a history of
suicidal behavior, or a history of seizures or other
neurological conditions. He is on no medications.

XI.   PLANS IF GRANTED RELEASE:

Should inmate Mijangos be given a parole date, he
states that he will live parole to Los Angeles County
(that is, if he is not deported to Guatemala), where he
would live with his wife and children. He would work
in any way that he could to support his family with the
skills that he has gained, and still hopes to gain,
while in prison. He especially hopes to learn all he
can about computers.


CLINICAL ASSESSMENT


XII.  CURRENT MENTAL STATUS/TREATMENT NEEDS:

Inmate Mijangos appears to be his stated age of 37. He
was appropriately dressed and groomed. He was
coherent, cooperative, calm and alert. His speech,
flow of thought and affect were all within the normal
range. His intellectual functioning was estimated to
be within the average range. There was no evidence of
a mood or thought disorder. His judgment appeared to
be intact. He showed good insight into his commitment
offense.

CURRENT DIAGNOSTIC IMPRESSIONS:

AXIS I:     No Contributory Clinical Disorder.
AXIS II:    No Contributory Personality Disorder.
AXIS III:   No Contributory Physical Disorder.
AXIS IV:    Incarceration.
AXIS V:     GAF = 80.


MIJANGOS      E-81550      CTF-CENTRAL      04/16/01      gmj

MIJANGOS, JAIME
CDC NUMBER:  E-81550
BPT MENTAL HEALTH EVALUATION
PAGE FOUR


Should this inmate at this time be given a parole or
release date, his prognosis for being able to maintain
his present gains in the community is positive.

XIII. REVIEW OF LIFE CRIME:

Inmate Mijangos described the circumstances surrounding
his commitment offense.  He states that he was driving
to meet his cousin and saw a lot of people at the
PanAmerican Club.  As he drove up, he saw his cousin
and the others in an altercation with two men.  One of
the men hit his cousin with a beer bottle.  The two
aggressors were shouting, making threats, and saying
they were gang members.

The inmate had a gun in his car which he just happened
to have there because of a prior plan to take it to
target practice.  He loaded his gun and suddenly saw
the two people that were attacking his cousin
approaching close to his car.  He thought he saw the
one man reaching for something behind his back and
thought it might be a weapon, so he fired his gun.
Both men were shot and his cousin and the others got
into his car and they drove off.

He admits that on the same day of his commitment
offense he had had four mixed alcoholic drinks, and
now thinks that it probably did affect his judgment,
which he said was poor.  He also admits that he
overreacted to the situation out of fear and panic.  He
said that his primary mistake was having a gun in his
car in that situation.  He subsequently heard during
the trial that the two victims were brothers, and that
the brother of the man who died said that they were not
really gang members, but only claimed to be so during
the altercation.

The inmate expressed remorse for killing someone who
was unarmed, and admits that the amount of force he
used excessive for the situation due to his own
panic.  He also expressed sincere regret and sorrow
regarding the victim's daughter, who had to grow up
without her father.


MIJANGOS      E-81550      CTF-CENTRAL      04/16/01      gmj

MIJANGOS, JAIME
CDC NUMBER:  E-81550
BPT MENTAL HEALTH EVALUATION
PAGE FIVE


XIV.  ASSESSMENT OF DANGEROUSNESS:

    A.  This inmate has received only one CDC-115 violation during his entire incarceration for possession of inmate-manufactured alcohol in December of 1992, which he admitted he had made in order to celebrate the upcoming New Year's Eve.  Therefore, it is felt that he would pose a less than average risk for violence when compared to this Level II inmate population.

    B.  If released to the community, his violence potential is estimated to be no higher than the average citizen in the community.

    C.  There appear to be no significant risk factors which would be precursors to violence for this inmate, as he does not appear to have a genuine alcohol problem, and he states that he would never own a gun again.

XV.  CLINICIAN OBSERVATIONS/COMMENTS/RECOMMENDATIONS:

    A.  This inmate is competent and responsible for his behavior.  He has the capacity to abide by institutional standards and has generally done so during his entire incarceration period.

    B.  This inmate does not have a mental health disorder which would necessitate treatment either during his incarceration period or following parole.

    C.  Since this inmate denies having any alcohol or drug problem, no recommendations are made in this area.


*William Gamard, Ph.D.*

WILLIAM GAMARD, Ph.D.
Clinical Psychologist
CORRECTIONAL TRAINING FACILITY, SOLEDAD

WG/gmj

D:  04/06/01
T:  04/16/01


MIJANGOS    E-81550    CTF-CENTRAL    04/16/01    gmj

Support Letters 2005

# EXHIBIT H

September 10, 2004

Blanca Gonzalez

> Blanca A. Gonzalez
> 3816 Cherokee Ave.
> South Gate, CA 90280

Mm
Mijangos
E-81550

Board of Prison Terms, Chairman
1515 "k" St. Suite 600
Sacramento, CA 95814

To Whom It May Concern:

I am writing to you in behalf of Jaime Mijangos. Jaime is my stepson and I love him. I cared for him for several years while I was married to his father. Jaime was always a good person. As a young man he took the responsibility of proving for us. He grew up to be a responsible person and a trustworthy worker.

I have the firm belief that Jaime has learn from his mistake and is ready to join his family and the community. He will be a law abiding citizen and will respect it. His children are an inspiration to him and for them he will obey and respect the law.

I know he has learned from his experience in jail. He paid the consequence for his actions. He is using his time inside wisely because I know he has been studying To become a more prepare person able to work and live as an honest and responsible men. If he where to be release he'll be ready to confront life in a more mature way. He hopes to see his children to try recuperated the time he was not there for them and teach them not to make mistakes like the one he made. I am willing to help Jaime in any way possible, my economic situation is not the best but my love and support he'll always have. If he needs emotional support I'll be by his side every step of the way

If you have any question fell free to contact me

Sincerely,

Blanca Gonzalez

CC:

September 10, 2004

Blanca L. Mijangos
3316 ½ Cherooke Ave.
South Gate CA 90280

Board of Prison Terms, Chairman
1515 "k" St. suite 600
Sacramento, CA 95814

To Whom it May Concern:

This letter of support is for Jaime Mijangos an inmate at the Soledad prison. Jaime is my
older brother and was the provider of our family at the time of his arrest. He was
responsible for providing food and living expenses for our family as the head of the
family
My brother was a hard worker. I know that this time away has help him to think more
about the importance of being respectful and obedient to the law. He has learn from his
mistake. He improved his education level and wishes to be a better worker, and a better
person, looking at life in a more positive way.

As his sister I am willing to help him financially and emotionally as much and as long as
he needs. I have a stable job and own my house. My brother is a trustworthily and a
loving person who is always welcome in my home.
Despite his past mistake he is a good man and has always tried very hard.

If I can be of further assistance, please do not hesitate to contact me.

Sincerely,

Blanca L. Mijangos

CC

September 10, 2004

Ana Garcia
5747 Main street
South Gate CA 90280

Board of Prison Terms, Chairman
1515 "k" St. suite 600
Sacramento, CA 95814

To Whom it May Concern:

This letter of support is for Jaime Mijangos an inmate at the Soledad prison. Jaime is my older brother, at the time of the arrest he was the sole provider of our household. He had a good job and was responsible and honest. He has always been a hard worker and, is willing to help other people. The time he has spend in your facility has helped him to discipline himself and have a higher respect for the law. Through out the past years I have keep in contact with him and have noticed improvement in his outlook towards life and society. He keep studing to improve his skills. He has worked in various areas of your facility.

I am very greatful to him for all the support gave me and our family when we were younger, and now is my turn to help him emotionally and financially as much and as long as he needs it. I have a stable and secured job, a husband that is also willing to help us with this readjustment. I know he is a trustworthily and loving person and he is welcome in to my home and in to my family. He has learn from his mistake and that has made him stronger.

If I can be of further assistance, please do not hesitate to contact me. At (562)272-0019.

Sincerely,

Ana K. Garcia

CC:

September 10, 2004

Miguel A. Mijangos
10700 Colima RD  apt 600
Whittier CA 90604


Board of Prison Terms, Chairman
1515 "k" St. Suite 600
Sacramento, CA 95814


To Whom It May Concern:

I am writing to you in behalf of Jaime Mijangos.  Jaime is my son and I love him and
support him.  I am 67 years old and recently had heart problems.  I am so afraid that I
would not see my son free.  At the time of his arrest Jaime was a responsible young man
helping me with the support of our family.  He had a stable job and he had just started a
family of his own.  The responsibility of providing for his family was his number one
priority.  I strongly believe that Jaime will be useful and a law abiding citizen in the
community and in our family.

The circumstances that took him to jail were not because he was a bad person.
Before the incident he always respected the law.  It was a mistake that caused him
and his family many years of pain.  His children have grown with out a father.  My son
Jaime has a very positive attitude towards life; he has always lifted my spirit when I have
been down.  Hes behavior has also improved and has learned to control himself.
He used his time in prison to better himself.  He finished High School, has also
taken classes in computers and worked as a teacher aid.  If he is released from prison he
will be very useful to me to his children and our society because he has become a better
man and a law abiding citizen.

Upon his release he will be living with me.  I am single and live alone at 10700 Colima
Rd Whittier CA 90604  I will take care of his needs, that is emotionally as well as
financially.  We also have many member of the family that has offered to be by our side
helping Jaime to readjust.  My son regrets what he did and has learned from it.

Any more information that you require from me contact me at(909)355-9039.


Sincerely,

Miguel A. Mijangos

Gabriela O Rodriguez
1227 Castle Dr.
Garland, TX. 75040

September 10, 2004

Board of Prison Terms Chairman
1515 "K" SUIT 600
Sacramento, CA. 95814

To Whom It May Concern:

Jaime Mijangos E81550 is my son in law. I knew Jaime since he was dating my daughter Gabriela in High School. He always respected my house. He will ask my permission to take my daughter out, something they do not do any more youngsters. I trusted him, after 3 years of dating my daughter, he asks her hand in marriage. They lived together for a few years like every other marriage, some days goods some days bad, but he was responsible for his wife and his two kids, he had love them so much and now are becoming man; Ivan 18 years, Jesse 16 years the baby Perla with 6 years came after he was not at home any more but she is his princess and she knows it.

A father that lives with his kids, does not a good job as Jaime that is not with his. Mother can only do so much she has to work hard to give them a good education.

Jaime will have our support, with housing, clothing, car, money; We will help him get back in society, so he can finish taken care of his kids.

Jaime has proved to you how much he wants to be better. He did all your programs you have available for him so he can prepare himself for the time he will be out, he will find a job.

*" Jaime, we will wait for you "*
God be with you. I pray for you every day

Sincerely,

*Gabriela O Rodriguez*
Gabriela O. Rodriguez

SUBSCRIBED AND SWORN BEFORE ME
THIS 13 DAY OF Sept 2004
NOTARY PUBLIC

IRIS SUAREZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10-10-2007

Maria G. Cano
643 Leading Lane
Dallas, TX. 75004

September 10, 2004

**Broad of Prison Terms Chairman**
**1515 "K" Ste. 600**
**Sacramento, CF. 95814**

To Whom It May Concern:

I Maria G. Cano, would like to make my recommendation for you to consider paroling my uncle Jaime, not only because he is a wonderful uncle, he has also been rehabilitated. This time incarcerated has been well served. He has maintained a lasting relationship with his family.

It is time for him to be able for return to society to resume the life he has been away from for all these years. My husband and I own a Lawn Service Business we would both gladly offer my uncle Jaime a job so can earn income for himself and his family.

If you have any question please contact me at (972) 998-8340 or write me at the address above.

Sincerely

SUBSCRIBED AND SWORN BEFORE ME
THIS 10 DAY OF September 20

NOTARY PUBLIC

IRIS SUAREZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10-10-2007

_____
Maria G. Cano

COPY

Silvia Rodriguez
1227 Castle Dr.
Garland, TX 75040

September 10, 2004

Broad of Prison Terms Chairman
1515 "K" St. 600
Sacramento, CP 95814

To Whom It May Concern:

Jaime Mijangos E81550 is my brother in law. I have knowing him since he was dating my sister and then they got married.

I think he deserves to spent time with his kids and we will support him as much as we can.

I believed that he was in the wrong place at the wrong time and he deserves a chance to spend with his kids and wife.

I can provide housing to him because he is a good person.

Sincerely yours,

Silvia Rodriguez

SUBSCRIBED AND SWORN BEFORE ME
THIS 2 DAY OF ___ 200 4

NOTARY PUBLIC

IRIS SUAREZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10-10-2007

**Miguel y Rosario Medrano**
**2730 Madrid Dr.**
**Garland, TX. 75040**

September 10, 2004

Broad of Prison Terms Chairman
1515 "K" ST 600
Sacramento, CP 95814

A quien corresponda:

Conoci al Señor Jaime E81550 desde que era el novio de mi hermana, despues se casaron; le bautizamos a su primer hijo mi esposo y yo; Jemy siempre tuvo un comportamiento muy correcto hacia todos nosotros.

El Señor Jaime Mijangos ha tenido bastante castigo al ser privado de su libertad, de estar con sus hijos en su crecimiento, que terminen para esos muchachos esas largas noches sin el beso de su padre.

Si Dios lo permite y el llega a salir, Jaime cuenta con nosotros economica y moralmente

Dios guie su decision

Atentamente,

*Miguel Medrano*
Miguel Medrano

Rosario Medrano

SUBSCRIBED AND SWORN BEFORE ME
THIS 12 DAY OF ____ 200

NOTARY PUBLIC

INIS SUAREZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10/10/200

before. Something he likes to do with his friends since he was a teenager. Even though he likes guns he never had one of him because I don't like guns either.

Jaime did not had fair trail his attorney was not a criminal attorney; we have to sale our house to pay him $10,000.00. I turn him in I was never call in court.

Roney was involved as much as Jaime and he were never arrested. The bottle that Roney hit the gay with was not collected. The day they pick up the victim they had no case. Until I turn Jaime in and give them a case. From 10 cases of Rampar Station maybe 3 cases are solved, the way they suppose to. Jaime has already done his time; he has proved to you that he does not below in jail. He took every class, every opportunity you offer him to make him a better person. Unfortunately we do not have money to hire another attorney to represent him. All I can ask is to review his case from beginning; you will see that Jaime was also a victim.

I spoke with the victim's wife and brother, when Jaime was in court at the beginning and they say it was not Jaime they wanted but Roney Vargas.

I have lived in Comtom on the same street for six years were you are surround with drug and violence, I keep seen drugs dealers, killers, child molesters coming in and out of jail. How come Jaime cannot come out, he is not a drug dealer, rapes or murder. Please I beg you let Jaime free. We need him home; his kids need him the most. From California, Arizona, Texas, Virginia, New York, Central America somebody is waiting for Jaime, we will help him get back on track in society, we have everything he needs to start all over his life, somebody has a job for him, we have clothing, housing, money so when he come out he can start taking care of his children.

If I could change the past I would never have turn him in. I put him in the hands of the law thinking you will help him. By turning himself in but we were wrong, you took his life and ours.

Sincerely yours,

SUBSCRIBED AND SWORN BEFORE ME
THIS __ DAY OF _____ 20__

NOTARY PUBLIC

Gabriela Rodriguez

BOARD OF PRISON TERM, CHAIRMAN
1515 "K"ST. SUITE 600
SACRAMENTO CA. 95814
REGARDING: JAIME H. MIJANGOS E81550

To Whom It May Concern:

My name is Ivan Mijangos and I am 18 years old. My father has been locked up since I was a toddler and you could say pretty most of my life. It's really hard to grow up without a father figure in a guy life. I did not know much about sex until my friend introduce me to porn movie; I did not know how to treat girls until I saw movies; I have not had the "man to man" talk. When I am with friends and they have their dad that talk to them about everything, I look at their dad as my father, if I need help they would help me. I have a lot of uncles and they look out for me because I know they don't want anything to happen to me. When I lived in Los Angeles, my father figures were my cousin's dad and my grandfather. I would listen to my grandfather because he is my dad's father and I guess my dad learned from him, so I will learn also. My dad has not seen me grow up and I don't like that because I try hard in school and other things and he is not around to see. I am a senior this year and this year I want him to see me walk the stage with my diploma in my hand. I miss him a lot and there is no one-day that goes without thinking of him. I do not know if he knows much about me, I have send him letters and pictures but to me that really is not much. I really do not know much about him because when we visit him we usually talk about what have I done, what is new and old. I cannot ask him what is new because all he does is goes to school, work out and chill. I really need him in my life so please give him another chance. Everyone deserves another chance in life.

Sincerely,

SUBSCRIBED AND SWORN BEFORE ME
THIS ___ DAY OF _____ 20__

_____
NOTARY _____

_____
Ivan Mijangos

September 12, 2004

To Whom It May Concern:

Jaime Mijangos is my wife's closest brother and I have known him for seven years. My wife and I want the chance to have Jaime come and live with us. He deserves the chance for fresh start in life, and my wife and I would be more than happy to help Jaime find a good job and provide him with the necessities to start over. We feel that Jamie would be happy and glad to come and live with us as we are starting our own little family. Jaime would also have many people around him who love him and whom are willing to help him make a fresh start, as we have a big family. All of them have offered to have him come and live with them also.

I know that Jaime has been taking computer classes and is working towards many new goals. In spite of his mistakes, Jaime has changed and is proving that he is ready to come out into the world and be a good and true person in the community. My wife and I hope that you will consider Jaime to be a good person and allow him to make a fresh, new and happy life.

Please feel free to contact me anytime: 6157 Newton Lane, Bealeton, VA 22712 540-439-0381

Sincerely,

Juan Carlos Inga

September 12, 2004

To Whom It May Concern:

My name is Claudia Inga, and Jaime Mijangos is my brother. Jamie is 34 years old and realizes that he has made mistakes in his life. I know deep down in my heart that Jaime is good person. I have always known him to be a kind, sweet and genuine person. I have missed him terribly and want the chance to get to know him again. I feel that he has changed over years and I know that he is ready to start a new and happy life. He desperately wants to make some thing of his life, and I feel as though he is ready to come out into the community and deserves the chance to prove himself.

My husband and I bought a new home a year ago and are expecting our first child. I cannot imagine having this child and not having my closest brother near!! I know that Jaime would love to come and live with us be a part of our child's life.

Jaime is currently taking computer classes and has chosen a profession that can lead him to the type of life he is capable of having. My husband Carlos and I are more than willing to have Jaime come and live with us here is Virginia. We want to help him find a job, and are more than willing to give him place live and give him the necessities to help him start a new life.

Please feel free to contact me anytime: My address is 6157 Newton Lane, Bealeton, VA 22712 / my phone 540-439-0381. Thank you for your time and consideration in this matter.

Sincerely,

*Claudia Jammie Inga*

Claudia Inga

# EXHIBIT I

# *SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES*

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | JANUARY 30, 2007 | | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004074
In re,
JAMIE MIJANGOS,
    Petitioner,
   On Habeas Corpus

Counsel for Respondent:

Nature of Proceedings:  ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed on June 19, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole. (See Cal. Code Regs., tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was convicted of second degree murder with the use of a firearm and is serving a term of 18 years to life with a minimum parole eligible date of June 25, 2002. The record reflects that on May 22, 1990, petitioner and several family members were leaving the Pan American Club when they entered into an altercation with the two male victims. The two victims were turned away from the club earlier in the evening for lack of identification but they returned around closing time. At least one of petitioner's family members was assaulted by one of the victims. Petitioner was parking his car when he alleged he noticed one of the victims approaching. Petitioner retrieved a loaded gun from his car and shot the victims, killing one and injuring the other.

The record reflects that the Board found petitioner unsuitable for parole after a parole consideration hearing held on September 13, 2005. Petitioner was denied parole for three years. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison. The Board based its decision on several factors, including his commitment offense. The Court finds that that there is some evidence to support the Board's findings that there were multiple victims injured or killed and that the motive for the crime was very trivial in relation to the offense. (See Cal. Code Regs., tit. 15, § 2402, subds. (c)(1)(A) & (E).) The record further reflects that the Board also relied on several additional factors in denying petitioner parole at this time, and there is some evidence to support that decision. There is some evidence that petitioner is unsuitable because of petitioner's limited programming while in prison. (See Cal. Code Regs., tit. 15, § 2402, subd. (d)(9).). In denying parole, the Board also cited to petitioner's lack of remorse indicating that he does not understand the nature and magnitude of his crime, stating that "there's nothing about your presentation today that came across as straightforward, insightful or remorseful." The Board based its finding on petitioner's contradictory testimony regarding the circumstances of the crime and his disciplinary violation for inmate-manufactured alcohol.

1

| Minutes Entered |
|---|
| 01-30-07 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | JANUARY 30, 2007 | | | Deputy Clerk |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004074
In re,
JAMIE MIJANGOS,
    Petitioner,
    On Habeas Corpus

Counsel for Respondent:

---

The Board was acting within its authority when it considered petitioner's various preconviction and postconviction factors, yet concluded that he would pose an unreasonable threat to public safety. (See Pen. Code § 3041, subd. (b).)

Therefore, the petition is denied.

The court order is signed and filed this date. The clerk is directed to give notice.

A true copy of this minute order is sent to the petitioner via U.S. Mail as follows:

Jamie Mijangos
E-81550
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST ___FEB 0 9 2007___

JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court of the State of California for the County of Los Angeles

By _____, Deputy

JOSEPH M. PULIDO, S.C.C.
233219



2

| Minutes Entered |
|---|
| 01-30-07 |
| County Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA  90012<br><br>PLAINTIFF/PETITIONER:<br><br>JAMIE MIJANGOS | ~~CONFORMED COPY~~ CONFIRMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>**FEB 0 9 2007**<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By _____, Deputy |
| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br>BH004074 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

☐ Order Extending Time          ☑ Order re: Writ of Habeas Corpus
☐ Order to Show Cause          ☐ Order
☐ Order for Informal Response      ☐ Order re:
☐ Order for Supplemental Pleading   ☐ Copy of

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to the cause.  I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

February 9, 2007
DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: _____, Clerk
        Joseph M. Pulido

Jamie Mijangos
E-81550
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

# EXHIBIT J

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL SECOND DIST

F I L E D

MAR 2 0 2007

JOSEPH A. LANE          Clerk

V. GR...

Deputy Clerk

In re

JAIME MIJANGOS,

on

Habeas Corpus.

B197304

(Los Angeles County
Super. Ct. No. BA019784)
(Steven R. Van Sicklen, Judge)

ORDER

BY THE COURT:

The petition for writ of habeas corpus, filed March 13, 2007, has been read and considered and is denied as petitioner has not stated facts sufficient to support relief. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1070-1080; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 655-658.) Request for judicial notice is granted.

# EXHIBIT K

S152602

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re JAIME MIJANGOS on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

SEP 1 9 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

## PROOF OF SERVICE BY MAIL
### (by a person in state custody)
Federal Ruled of Civil Proceedure, Rule 5

28 U.S.C. §1746

STATE OF CALIFORNIA          )
                             ) SS.   **Jaime Mijangos v. A.P. Kane, Warden CTF,**
COUNTY OF MONTEREY           )       **Arnold Schwarzenegger, Governor, and**
                                     **Board of Parole Hearings.**

I, _____Jaime Mijangos_____, am a resident of the State of California, County of Monterey. I am over the age of 18 years and I am a party to the within action.   My business/ residence address is the Correctional Training Facility, P.O. Box 689, Soledad, CA 93960-0689.

On _10/21/07_____, 2007, I served the following:

**Petition for Writ of Habeas Corpus with Exhibits A through K; and Request/Motion**

**for Judicial Notice with Exhibits A through E.**

_____ on the

parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States Mail in the institution's United States Mailbox at the Correctional Training Facility, Soledad, California , addressed as follows:

**ORIGINAL**

```
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102-3483
```

**COPY**

```
Office of the Attorney General
Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
```

There is a regular service by the United States Postal Service between the place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _21 ST_ day of _October_____, 2007, at Soledad, California.

/S/ _____
    Jaime Mijangos